IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN HARDNEY,

    Plaintiff,                      No.  CIV S-02-1518 FCD JFM P

    vs.

T.L. ROSARIO, et al.,

    Defendants.                ORDER AND

/                        FINDINGS AND RECOMMENDATIONS

        Plaintiff is a state prisoner proceeding in propria persona and in forma pauperis with a civil rights complaint pursuant to 42 U.S.C. § 1983.  This matter is presently set for trial confirmation hearing on July 13, 2007 at 2:30 p.m.

        On April 16, 2007, plaintiff filed a request for court intervention.  In his request, plaintiff states he has been placed in administrative segregation allegedly in retaliation for various complaints he has raised against custody and medical staff at the California State Prison in Lancaster.  Plaintiff appends copies of letters he received from Rosen, Bien & Galvan, Attorneys at Law, concerning his letters regarding the alleged mistreatment at CSP-Lancaster.  (April 16, 2007 Request, at 10-13.)  Counsel noted they "have repeatedly raised [their] concerns with the Special Master"  (id. at 12) in Coleman v. Schwarzenegger, 90-0520 LKK JFM P.

        Plaintiff asks the court to order his removal from CSP-Lancaster based on recent events at CSP-Lancaster.  The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits.  See C. Wright & A.

1  Miller, 11 Federal Practice and Procedure, § 2947 (1973).  In addition to demonstrating that he
2  will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must
3  show a "fair chance of success on the merits" of his claim.  Sports Form, Inc. v. United Press
4  International, Inc., 686 F.2d 750, 754 (9th Cir. 1982), quoting Benda v. Grand Lodge of
5  International Association of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir.
6  1979).  Implicit in this required showing is that the relief awarded is only temporary and there
7  will be a full hearing on the merits of the claims raised in the injunction when the action is
8  brought to trial.

9        In addition, as a general rule this court is unable to issue an order against
10 individuals who are not parties to a suit pending before it.  Zenith Radio Corp. v. Hazeltine
11 Research, Inc., 395 U.S. 100 (1969).[1]

12       The claim underlying the instant motion for preliminary injunctive relief is that
13 prison officials at CSP-Lancaster are retaliating against plaintiff for complaints he has raised
14 concerning custody and medical staff at CSP-Lancaster.  However, this court is not the proper
15 venue for such allegations.  Lancaster is in Los Angeles County, an area served by the United
16 States District Court for the Central District of California.  Accordingly, plaintiff's claims are
17 more appropriately filed in that district.

18       In addition, the instant action was filed on July 15, 2002 and concerns events that
19 took place at CSP-Sacramento in 2002.  Thus, the specific allegations contained within plaintiff's
20 request will not be part of the underlying complaint in this action and, therefore, will not be given
21 a hearing on the merits at trial.

---

[1] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting.  The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law."  The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction.  Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).  The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation.  United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

1  For the same reason, plaintiff cannot demonstrate success on the merits
2 concerning his recent allegations on this record at this time because plaintiff has failed to exhaust
3 administrative remedies prior to suit, as required by 42 U.S.C. § 1997e(a).

> "Section 1997e(a) of Title 42 of the United States Code provides:
> No action shall be brought with respect to prison conditions under
> [42 U.S.C. § 1983], or any other Federal law, by a prisoner
> confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.
> This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)."

McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see also Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion must precede the filing of the complaint and that compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. McKinney, 311 F.3d at 1199.

> California's Department of Corrections provides a four-step grievance process for prisoners who seek review of an administrative decision or perceived mistreatment. Within fifteen working days of "the event or decision being appealed," the inmate must ordinarily file an "informal" appeal, through which "the appellant and staff involved in the action or decision attempt to resolve the grievance informally." Cal.Code Regs., tit. 15, §§ 3084.5(a), 3084.6(c). [Footnote omitted.] If the issue is not resolved during the informal appeal, the grievant next proceeds to the first formal appeal level, usually conducted by the prison's Appeals Coordinator. Id. §§ 3084.5(b), 3084.6(c). Next are the second level, providing review by the institution's head or a regional parole administrator, and the third level, in which review is conducted by a designee of the Director of the Department of Corrections. [Footnote omitted.] Id. § 3084.5(e)(1)-(2).

Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005).

Here, the events at issue in plaintiff's request took place in 2007. Therefore, while plaintiff may have a cognizable claim, he could not have exhausted his administrative remedies prior to bringing the instant action. Plaintiff, a state prisoner, may not proceed in federal court concerning claims for which he has not exhausted administrative remedies. McKinney, 311 F.3d at 1199.

/////

1    Therefore, to the extent plaintiff seeks injunctive relief against custody and
2 medical staff at CSP-Lancaster,[2] such request should be denied.
3    In the instant case, defendants were directed to inform this court as to the status of
4 plaintiff's access to his legal materials in connection with the trial confirmation hearing then set
5 for March 2, 2007.  (February 16, 2007 Order.)  On February 21, 2007, defendants confirmed that
6 plaintiff had been transferred to administrative segregation, but was allowed law library access
7 on January 26 for 3-1/2 hours, on February 2 for 4-1/2 hours, and on February 7 for 6 hours, and
8 that during this period, plaintiff received three deliveries of legal materials and one delivery of
9 supplies (forms, pens, paper and envelopes).  (Id. at 1.)  Defendants stated plaintiff was issued his
10 legal materials by Sgt. Thomas in administrative segregation on February 16, 2007.  (Id. at 2.)
11    Plaintiff replies that he has not been provided all of his legal material and states
12 that when correctional officers packed up his legal materials, they "mixed up the files, meaning
13 documents and law concerning this case that were all together in one location [are] now scattered
14 and mixed with other cases.  Plaintiff has a total of six pending cases."  (April 16, 2007 Request
15 at 4.)  Plaintiff contends he has not been allowed to go through the materials; rather, correctional
16 officers randomly picked portions and presented them to plaintiff.  For example, the first delivery
17 was mostly transcripts which he did not need.  The second delivery was randomly-picked legal
18 books.  Plaintiff states he is still waiting for the third delivery.  Plaintiff adds that he has not
19 received legal size envelopes or pen deliveries and has not received stamps that are located
20 within his legal materials not yet delivered.
21    Plaintiff claims he needs to file several other motions and documents before the
22 July 13, 2007 trial confirmation hearing, but cannot do so without the appropriate legal materials.

---

[2] Moreover, court filings in this action, as well as other actions in this district, reflect that plaintiff's access to the court has not been impeded. A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980). In 2007, plaintiff filed case numbers CIV S-07-0574 MCE EFB and CIV S-07-0606 WBS KJM. In 2006, plaintiff filed the following cases in this district: CIV S-06-0300 LKK EFB and CIV S-06-0613 DFL KJM.

Good cause appearing, defendants will be directed to provide plaintiff with access to all of his legal materials so plaintiff may accumulate his records for the instant case prior to the July 13, 2007 trial confirmation hearing. Defendants will be directed to file a declaration documenting the details of plaintiff's access within thirty days from the date of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 16, 2007 request for access to his legal materials is partially granted. Defendants shall provide plaintiff with access to all of his legal materials.

2. Within thirty days from the date of this order, defendants shall file a declaration documenting the details of plaintiff's access to all of his legal materials.

IT IS HEREBY RECOMMENDED that plaintiff's April 16, 2007 motion for preliminary injunction be denied. (Docket No. 84.)

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 1, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

001; hard1518.pi