1

2

3

4

5

6

7               IN THE UNITED STATES DISTRICT COURT

8            FOR THE EASTERN DISTRICT OF CALIFORNIA

9    JOHN HARDNEY,

10          Plaintiff,                    No.  CIV S-02-1518 FCD JFM P

11       vs.

12   T.L. ROSARIO, et al.,

13          Defendants.             <u>ORDER</u>

14   _____/

15          Plaintiff is a state prisoner proceeding pro se with a civil rights complaint

16   pursuant to 42 U.S.C. § 1983.  This matter is presently set for trial confirmation hearing on

17   October 12, 2007.  Pending before the court are plaintiff's July 26, 2007 and August 9, 2007

18   motions for protective order.

19          Plaintiff is presently housed in isolation cell #101 in administrative segregation at

20   the California State Prison in Lancaster, California.  In the instant action, plaintiff alleges

21   violations of his civil rights by defendants during plaintiff's incarceration at California State

22   Prison, Sacramento.

23          On June 4, 2007, defendants were directed to provide plaintiff with access to all of

24   his legal materials and to file a declaration documenting the details of his access within thirty

25   days.  On June 28, 2007, defendants filed a declaration stating that Correctional Officer G.

26   Marshall provided plaintiff with access to all of his legal materials on June 21, 2007.  (<u>Id.</u> at 2)

1

1   Officer Marshall declared that plaintiff was provided a space at the counter in R & R, and Officer

2   Marshall brought plaintiff "all of his personal property being stored in R&R, which consists of

3   seven boxes." (Marshall Decl. at 1-2.)  Officer Marshall stated that he witnessed plaintiff "go

4   through all seven boxes and select four legal books, approximately thirty postage stamps,

5   approximately forty envelopes, and miscellaneous papers." (Id. at 2.)  Officer Marshall stated

6   that plaintiff "told [him] he was looking for a particular book, but that he could not find it in his

7   property." (Id.)  Officer Marshall declared that plaintiff was allowed to take the property he

8   wanted back to plaintiff's cell." (Id.)

9          On July 5, 2007, plaintiff filed a sworn affidavit concerning his access to his legal

10  materials.  (Id.)  Plaintiff declares he was escorted to R&R to access his legal materials on June

11  20, 2007.  (Id.)  Plaintiff states Officer Danko informed plaintiff he had four boxes and offered

12  no explanation as to what happened to the other seven boxes plaintiff had stored there.  (Id. at 1-

13  2.)  Plaintiff avers that each box contained the following, respectively:

14          1.  court transcripts

15          2.  personal hygiene items

16          3.  empty large envelopes that once contained his personal legal materials such as

17  case law, jury instructions, sections of UCC Commercial Codes; one year supply of Prison Legal

18  News, issues of civil and criminal law plaintiff subscribes to, and other legal materials and

19  documents necessary to pursue his legal cases

20          4.  typewriter only

21  (Id. at 2.)  Plaintiff contends that certain key items he needed had disappeared.  (Id. at 3.)

22          Plaintiff appended a copy of his first level response to grievance LAC-A-07-

23  00709 which states plaintiff was given his legal paperwork on April 18, 2007, per Correctional

24  Officer Danko.  (Id., Ex. A.)  Plaintiff declares under penalty of perjury that Officer Danko did

25  not give plaintiff his legal paperwork on April 18, 2007.  (Id. at 3.)

26  /////

2

1    On July 26, 2007 and August 9, 2007, plaintiff filed requests for protective orders.

2    Plaintiff claims the following:

3    In January 2007 "plaintiff was told he may not ever see his legal materials again

4    and was placed in administrative segregation." (July 26, 2007 request at 2.)  After he sought

5    court assistance to obtain return of his legal materials, he received two deliveries that were

6    "mostly court transcripts that were unrelated to this civil matter." (Id. at 2.)  He continued to

7    exhaust his administrative remedies as to his claim he was wrongfully deprived of his legal

8    materials.[1]  (Id.)  When prison officials received word that the March hearing was continued to

9    July, they refused to respond to plaintiff's complaints.  (Id. at 3.)  On June 20, 2007, plaintiff was

10   granted access to only four of his eleven boxes of property as described above.  (Id. at 3.)

11   Plaintiff further claims that prison officials are tampering with his legal mail.  For

12   example, he claims that on or about January 29, 2007, he sent a complaint and documents to the

13   U.S. Department of Justice.  (Id. at 4.)  Around March 13, 2007, 43 days later, the envelope was

14   returned to plaintiff with a memo stating the mail was opened by mistake by the CDC mailroom

15   on February 28, 2007.  (Id. at 5.)  Plaintiff contends there is no postmark showing the envelope

16   ever reached a California or Washington, D.C. post office.  (Id.)

17   Plaintiff states he has not been to the exercise yard since June 4, 2007 and has

18   been confined to his cell 24 hours per day, seven days per week and his written and verbal

19   complaints have either been ignored or "he was told to get off his hot medications and quit

20   complaining." (Id. at 6.)  Plaintiff declares he "has been threatened, labeled a child molester,

21   rapist, by prison officials for pursuing this case and defending himself for the unjust acts imposed

22   upon him by prison officials." (Id. at 7.)

23

24   [1] Plaintiff contends that prison officials have failed to process or wrongfully rejected his
     grievances, preventing him from completing the exhaustion process.  Plaintiff also claims he has
25   been harassed, assaulted, subject to excessive force, and falsely accused of five rules violation
     reports in the past five months and "literally told if he continues his complaints and pending
26   cases, 'matters will get worse.'"  (Id. at 4.)

3

1        Plaintiff seeks a temporary protective order while he is housed in the A-4 and A-5

2   ad-seg unit so that when he is escorted out of his cell he shall be accompanied by mental health

3   staff to prevent further mental and emotional injury to plaintiff.  (Id.)  Plaintiff asks the court to

4   appoint an investigator to investigate "the brutality and torture conduct plaintiff . . . is subjected

5   to for simply pursuing this civil matter and others."  (Id. at 8.)  Plaintiff contends that if this

6   temporary protective order is not issued, there is a likelihood his suffering will result in

7   irreparable injuries.  (Id.)

8        On August 9, 2007, plaintiff filed his supplemental request for protective order

9   and provided a sworn affidavit as to abusive treatment he is suffering at the hands of correctional

10   officers at California State Prison, Los Angeles County.  For example:

11        1.  Prison guards placed a yellow curtain outside his cell window which represents

12   "caution, "sexual predator," resulting in threats on his life and jeopardizing his safety.  (Id. at 3.)

13   The grievance plaintiff filed concerning this curtain was reviewed by one of the officers who

14   enforced the placement of the curtain.  (Id.)  When plaintiff refused to withdraw his complaint

15   about the curtain, he was threatened to be moved and then subsequently was moved to an isolated

16   cell in the problem management section of ad seg.  (Id. at 4.)

17        2.  Plaintiff was placed in a holding cage while the isolated cell was cleared;

18   during that time Officer Placencia offered plaintiff a paper dinner tray of rice, gravy and

19   vegetables.  Plaintiff told the officer he did not want the food.  (Id. at 5.)  Officer Fernandez came

20   and handcuffed plaintiff and escorted him to the isolated cell.  (Id.)

21        3.  When plaintiff stepped into the cell, his hands still handcuffed behind his back,

22   Officer Placencia offered him the tray of food again.  (Id.)  When plaintiff turned to face Officer

23   Placencia, the officer "threw the tray in [plaintiff's] face as "Fernandez" unloaded a mass amount

24   of pepper spray or unknown chemical in [his] face down to [his] crotch through [his] boxer

25   shorts.  Then slammed the cell door shut, leaving [him] choking, grasping for air, struggling to

26   /////

4

1  see, eyes and flesh burning.  In handcuffs behind [his] back that prevented [him] from washing

2  the chemical off [him] and out of [his] eyes."  (Id. at 5-6.)

3          4.  Plaintiff was able to speak after about 20 minutes and asked another inmate to

4  call "man down."  (Id. at 6.)  Sgt. Bouthner took plaintiff to the shower about five minutes later,

5  but did not provide soap or decontamination agent to remove the chemical.  (Id.)  Plaintiff's

6  "flesh and eyes [burned] for three days straight and [his] vision still has not returned to what it

7  used to be."  (Id.)  By August 3, 2007, plaintiff had not been seen by a doctor or eye doctor.  (Id.)

8          5.  When plaintiff returned to his cell from his shower, the rice, gravy and other

9  food items were spread all over the bed and floor mixed with the chemical that was sprayed all

10  over the walls.  (Id.)  Plaintiff was not provided any cleaning materials to clean up and wasn't

11  provided bed sheets, towels, socks, t-shirts, clean boxers until four days later.  (Id.)  All plaintiff

12  had was his boxer shorts contaminated with the burning chemical for four days in the air

13  conditioned cell.  (Id. at 7.)

14          6.  A large pile of food was placed in front of his cell and attracted mice, ants and

15  maggots by August 3, 2007.  (Id.)  As of August 5, 2007, plaintiff still did not have a spoon,

16  eating utensil, toothbrush or toilet paper.  (Id.)

17          7.  The isolated cell is away from the view of other inmates and plaintiff fears he

18  could continue to be subjected to further abuse, assaults and torture without witnesses.  (Id.)

19          8.  Plaintiff "was just served with fabricated allegations of assault on officer

20  Fernandez alleging [plaintiff] threw food at him."  (Id.)

21          Plaintiff has previously been informed that claims that prison officials at CSP-

22  Lancaster were retaliating against plaintiff for complaints he raised concerning custody and

23  medical staff at CSP-Lancaster are more appropriately raised in the United States District Court

24  for the Central District of California.  (See June 4, 2007 Findings and Recommendations at 2.)

25  Here, however, plaintiff contends that certain correctional officers at CSP-Lancaster are

26  retaliating against plaintiff based on the instant lawsuit.  Moreover, given the disturbing nature of

1  plaintiff's allegations, this court is compelled to invoke the All Writs Act to ascertain the veracity

2  of plaintiff's allegations.  The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs

3  "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles

4  of law."  The All Writs Act is meant to aid the court in the exercise and preservation of its

5  jurisdiction.  Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).  The

6  United States Supreme Court has authorized the use of the All Writs Act in appropriate

7  circumstances against persons or entities not a party to the underlying litigation.  United States v.

8  New York Telephone Co., 434 U.S. 159, 174 (1977).

9          The instant action has been pending over five years.  Plaintiff cannot proceed to

10  trial without benefit of his legal materials.  Accordingly, counsel for defendants will be directed

11  to respond to all of plaintiff's allegations recited above.  In addition, counsel shall determine the

12  total number of boxes of legal material plaintiff has had while incarcerated at CSP-Lancaster as

13  well as the actual number of boxes of legal material plaintiff now has (stored or in his

14  possession).  Defendants are cautioned that failure to comply with this order may result in the

15  imposition of sanctions.

16          IT IS HEREBY ORDERED that no later than 4:00 p.m. on September 4, 2007,

17  counsel for defendants shall respond to plaintiff's allegations recited above.

18  DATED:  August 28, 2007.

19

20

21                                   UNITED STATES MAGISTRATE JUDGE

22  /001

23  hard1518.fb

24

25

26