IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN HARDNEY,

    Plaintiff,                    No. CIV S-02-1518 FCD JFM P

    vs.

T.L. ROSARIO, et al.,

    Defendants.              FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges violations of his civil rights by defendants during plaintiff's incarceration at California State Prison, Sacramento. This matter is presently set for trial confirmation hearing on October 12, 2007. Pending before the court are plaintiff's July 26, 2007 and August 9, 2007 motions for protective order, which this court construed as a request for preliminary injunctive relief. See August 29, 2007 Order.

        Plaintiff is presently housed in cell #210 in administrative segregation at California State Prison in Lancaster, California, and had possession of his legal materials as of September 6, 2007. (Pl.'s September 11, 2007 filing at 2.) Defendants responded to this court's further briefing order and confirmed that as of September 4, 2007, plaintiff had possession of two boxes of legal materials in his cell and one box of legal materials held in ad-seg storage. (September 4, 2007 Response at 2.)

1

1    In his requests, plaintiff raised numerous allegations concerning his treatment by
2 prison officials at CSP-Lancaster, which is in Los Angeles County. (See August 29, 2007 Order
3 at 4-5.) Plaintiff contends prison officials at CSP-Lancaster are obstructing his right to pursue
4 the instant action. (September 11, 2007 Reply at 1.)

5    Defendants respond that plaintiff has had access to his legal materials and
6 presently has access to his legal materials, and that prison officials have responded to plaintiff's
7 grievances concerning same. (September 4, 2007 Response at 2.) Defendants argue that the
8 evidence demonstrates that prison officials at Lancaster have not interfered with plaintiff's right
9 to complain, citing plaintiff's 79 inmate appeals, 39 of which were assigned a log number and 40
10 which were screened out. (Id. at 3.)

11    Defendants note that the institution has handled 215 pieces of incoming mail and
12 231 pieces of outgoing legal mail for plaintiff between August 5, 2005 and August 28, 2007 and
13 contend that the inadvertent mishandling of a single piece of legal mail fails to rise to the level of
14 mail tampering. Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989)(single instance of
15 inadvertent opening of legal mail outside inmate's presence, while not to be condoned, is not
16 actionable as a constitutional violation).

17    Defendants explain that the yellow cell front covering was used on plaintiff's cell
18 "as a security measure because of plaintiff's three separate incidents of indecent exposure."
19 (September 4, 2007 Response at 3.) Defendants contend that plaintiff became disruptive and
20 non-compliant on July 25, 2007, the date on which there were allegations of throwing food,
21 resulting in the use of force. (Id.)

22    The principal purpose of preliminary injunctive relief is to preserve the court's
23 power to render a meaningful decision after a trial on the merits. See C. Wright & A. Miller, 11
24 Federal Practice and Procedure, § 2947 (1973). In addition to demonstrating that he will suffer
25 irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair
26 chance of success on the merits" of his claim. Sports Form, Inc. v. United Press International,

1  Inc., 686 F.2d 750, 754 (9th Cir. 1982), quoting Benda v. Grand Lodge of International
2  Association of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1979).  Implicit
3  in this required showing is that the relief awarded is only temporary and there will be a full
4  hearing on the merits of the claims raised in the injunction when the action is brought to trial.
5          As a general rule this court is unable to issue an order against individuals who are
6  not parties to a suit pending before it.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S.
7  100 (1969).[1]
8          Plaintiff has previously been informed that claims that prison officials at CSP-
9  Lancaster were retaliating against plaintiff for complaints he raised concerning custody and
10 medical staff at CSP-Lancaster are more appropriately raised in the United States District Court
11 for the Central District of California.  (See June 4, 2007 Findings and Recommendations at 2.)
12 Moreover, plaintiff may only file new claims in federal court after he exhausts his administrative
13 remedies:

14       "Section 1997e(a) of Title 42 of the United States Code provides:

15       No action shall be brought with respect to prison conditions under
      [42 U.S.C. § 1983], or any other Federal law, by a prisoner
16       confined in any jail, prison, or other correctional facility until such
      administrative remedies as are available are exhausted.
17

18 This exhaustion requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001)."
19 McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see also Porter v. Nussle, 534 U.S.
20 516, 524 (2002).  Exhaustion must precede the filing of the complaint and that compliance with
21 the statute is not achieved by satisfying the exhaustion requirement during the course of an

22
23     [1] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting.  The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and
24 agreeable to the usages and principles of law."  The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction.  Plum Creek Lumber Company v. Hutton, 608 F.2d
25 1283, 1289 (9th Cir. 1979).  The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying
26 litigation.  United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

1 action. McKinney, 311 F.3d at 1199. Plaintiff must obtain a third level decision before filing his
2 complaint in federal court. Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005).

3       Because plaintiff is asserting claims concerning his confinement at CSP-
4 Lancaster, an area served by the United States District Court for the Central District of
5 California, those claims are more appropriately raised in the Central District after plaintiff has
6 fully exhausted his state remedies. Defendants have provided evidence that plaintiff has access
7 to and has accessed the prison grievance system. In addition, the specific allegations contained
8 within plaintiff's requests are not part of the underlying complaint in this action and, therefore,
9 will not be given a hearing on the merits at trial. Finally, it is clear from the court record that
10 plaintiff has access to the courts and has been given access to his legal materials on several
11 occasions. Thus, the court will recommend denial of plaintiff's requests.

12       In his September 11, 2007 filing, plaintiff also seeks relief from verbal threats.
13 However, an allegation of mere threats alone fails to state a claim of cruel and unusual
14 punishment under the Eighth Amendment. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987); see
15 Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (neither verbal abuse nor the use of
16 profanity violate the Eighth Amendment). Thus, plaintiff's September 11, 2007 request will also
17 be denied.

18       Plaintiff is cautioned that any further complaints he may have concerning
19 conditions of confinement at CSP-Lancaster must be addressed to the United States District
20 Court for the Central District of California.

21       Accordingly, IT IS RECOMMENDED that:

22       1. Plaintiff's July 26, 2007 and August 9, 2007 motions for protective order,
23 construed as requests for preliminary injunctive relief be denied.

24       2. Plaintiff's September 11, 2007 request be denied.

25       These findings and recommendations are submitted to the United States District
26 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 13, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

/001; hard1518.pi3